UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KALIEGH O. o/b/o S.S.T.,

                                                Plaintiff,

v.                                                                              5:24-cv-0662
                                                                             (MAD/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

OLINSKY LAW GROUP                      HOWARD D. OLINSKY, ESQ.
250 South Clinton Street - Suite 210
Syracuse, NY 13202
Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION      KRISTINA D. COHN, ESQ.
OFFICE OF THE GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**REPORT-RECOMMENDATION AND ORDER**</u>

**I.     INTRODUCTION**

      The matter was referred to the undersigned for a report and recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Kaliegh O. ("Plaintiff") brings this action on behalf of minor S.S.T. pursuant to 42 U.S.C. § 405 seeking review of a decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying S.S.T.'s application for supplemental

security income benefits. Dkt. No. 1. Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure 12(c) in accordance with General Order 18. Dkt. Nos. 11, 13, 14. For the reasons stated below, the undersigned recommends Plaintiff's motion be granted, Defendant's motion be denied, and the decision of the Commissioner be reversed and remanded.

## II.   BACKGROUND [1]

On April 1, 2021, Plaintiff filed a Title XVI application for supplemental security income benefits on behalf of her minor child S.S.T., alleging a disability onset date of July 16, 2020, due to anxiety, depression, emotional distress, and self-harming tendencies. *See* T. 242-44. The application was initially denied on August 2, 2021, and again upon reconsideration on November 1, 2021. *See id.* at 124-28, 137-41.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and on April 6, 2023, appeared before ALJ Bruce S. Fein via telephone. *See id.* at 30-50. On September 7, 2023, ALJ Fein issued a written decision finding S.S.T. was not disabled under the Social Security Act. *See id.* at 13-25. On April 3, 2024, the Appeals Council denied Plaintiff's request for review, making ALJ Fein's decision the final decision of the Commissioner. *Id.* at 1-5. Plaintiff timely commenced this action on May 15, 2024. Dkt. No. 1.

## III.   LEGAL STANDARDS

### A.   Standard of Review

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the

---

[1] The Administrative Record/Transcript is found at Dkt. No. 8. Citations to the Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013). "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted). A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision. *See Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996). Remand may also be appropriate where the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his or her reasonings. *See Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

### B.     Disability Determination

"An individual under the age of 18 shall be considered disabled" for the purpose of the Social Security Act if he: "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration Regulations outline a three-step process to determine whether a child is disabled. *See generally* 20 C.F.R. § 416.924(b)-(d).

> First, the ALJ considers whether the child is engaged in "substantial gainful activity." . . . Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." . . . Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals"

>or . . . "functionally equals" a disability listed in the regulatory "Listing of Impairments."

*Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (citations omitted); *see also*, *e.g.*, *Ahmia G. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1104 (TJM/ML), 2023 WL 9644393, at *2 (N.D.N.Y. Oct. 25, 2023), *report and recommendation adopted*, 2024 WL 583474 (N.D.N.Y. Feb. 13, 2024).

Further, "[i]n determining whether a child's impairment functionally equals a listed impairment, the ALJ must evaluate the child's functioning across six 'domains' . . . ." *Miller v. Comm'r of Soc. Sec.*, 409 F. App'x 384, 386 (2d Cir. 2010) (summary order) (citation omitted). The domains are:

>(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). "[A] finding of 'extreme' limitation in one domain or of 'marked' limitation in two domains satisfies this criterion of functional equivalence." *Miller*, 409 F. App'x at 386 (citing 20 C.F.R. § 416.926a(a)). An "extreme limitation" exists where a claimant's impairment "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). A "marked limitation" is an impairment which "interferes seriously with your ability to independently initiate, sustain, or complete activities." *Id*. § 416.926a(e)(2)(i).

## IV. THE ALJ'S DECISION

The ALJ applied the sequential evaluation process for adjudicating disability claims. *See generally* T. 13-25. First, the ALJ found S.S.T. had not engaged in substantial gainful activity since the application date, April 1, 2021. *Id*. at 14. He noted S.S.T. was born on October 17, 2008. *Id*. Therefore, S.S.T. was a school-age child on the alleged onset date of disability, and,

5

as of April 1, 2021, an adolescent. *Id.* At step two, the ALJ determined S.S.T. had the following severe impairments: "Attention Deficit Hyperactive Disorder (ADHD), Anxiety Disorder, Depressive Disorder, and Oppositional Defiance Disorder (ODD)." *Id.* at 15.

Proceeding to step three, the ALJ found S.S.T. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ concluded S.S.T. did not have an impairment or combination of impairments that functionally equaled the severity of a listing impairment. *Id.* at 20. In doing so, the ALJ concluded S.S.T. has:

- <u>less than a marked</u> limitation in acquiring and using information;
- <u>less than a marked</u> limitation in attending and completing tasks;
- <u>less than a marked</u> limitation in interacting and relating with others;
- <u>no limitation</u> in moving about and manipulating objects;
- <u>less than a marked</u> limitation in the ability to care for himself; and
- <u>less than a marked</u> limitation in health and physical well-being.

*Id.* at 21. Accordingly, the ALJ found S.S.T. was not disabled. *Id.* at 24.

**V.     DISCUSSION**

Plaintiff argues the ALJ failed to "adequately evaluate" the medical opinion of S.S.T.'s treating mental health provider, Dr. Mihal Simionescu and, therefore, the ALJ's "functional equivalence findings are unsupported by substantial evidence." Dkt. No. 11 at 1, 12-18; *see also* Dkt. No. 14 at 1 (arguing the Commissioner's decision is the product of "legal error" because "the ALJ failed to properly evaluate the opinion evidence of . . . Dr. Simionescu"). Defendant counters the ALJ properly evaluated Dr. Simionescu's opinion and the ALJ's decision is supported by substantial evidence. Dkt. No. 13 at 3, 8-12.

    **A.     Evaluation of Medical Opinion Evidence**

For claims filed on or after March 27, 2017, the ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions(s) or prior

6

administrative medical finding(s), including those from" a claimant's own "medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ must use five factors to determine the persuasiveness of the medical opinion evidence and prior administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and any other factors "that tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(a)-(c); *see also Howard D. v. Saul*, No. 5:19-CV-01615 (BKS), 2021 WL 1152834, at *11 (N.D.N.Y. Mar. 26, 2021).

The "most important factors" to be considered are supportability and consistency. *Id*. §§ 416.920c(a), (b)(2). The supportability factor assesses a medical opinion compared to "the objective medical evidence and supporting explanations presented by a medical source[.]" *Id*. § 416.920c(c)(1). The consistency factor compares a medical opinion to "the evidence from other medical sources and nonmedical sources in the claim[.]" *Id*. § 416.920c(c)(2). An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. *Id*. § 416.920c(b)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, at *2 (2d. Cir. June 17, 2022) (summary order). However, "if a searching review of the record assures [the court] that the substance of the [regulation] was not traversed," the court may affirm the Commissioner's decision. *Id*. (internal quotation marks omitted) (quoting *Estrella*, 925 F. 3d at 96). Thus, while a reviewing court may not affirm the Commissioner's decision based on an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole. *See, e.g., John L.M. v. Kijakazi*, No. 5:21-CV-368 (BKS/TWD), 2022 WL 3500187, at *2-3 (N.D.N.Y. Aug. 18, 2022);

*Ricky L. v. Comm'r Soc. Sec.*, No. 20-CV-7102, 2022 WL 2306965, at *4 (W.D.N.Y. June 27, 2022).

    **B.**    **Medical Opinion Evidence**

On April 18, 2023, Dr. Simionescu completed a medical source statement. T. 503-07. Dr. Simionescu noted S.S.T. had been in treatment since 2018 and was diagnosed with ADHD and dysthymia. *Id*. at 503. Dr. Simionescu reported S.S.T. is prescribed Adderall XR, Sertraline, and Clonidine. *Id*. The medications provide a noticeable response without remission of symptoms. *Id*.

Dr. Simionescu evaluated the six domains of functioning for an adolescent and the findings varied from domain to domain. *Id*. at 503-06. Relevant to this action, Dr. Simionescu opined S.S.T. had marked losses in the functional domains of acquiring and using information, attending and completing tasks, and interacting and relating with others. *Id*. Specifically, Dr. Simionescu opined S.S.T. had a marked loss, defined as a functional limitation that interferes seriously with the child's ability to initiate, sustain, or complete activating, in his ability to: (1) plan ahead for future activities; (2) begin realistic occupation planning; (3) maintain concentration while reading textbooks; (4) plan and complete long-range academic projects independently; (5) maintain attention on tasks for extended periods of time and without being unduly distracted by or distracting to peers in a school or work setting; (6) resolve conflicts between self and family members, peers, and others outside of family; and (7) describe feelings, seek information, relate events, and tell stories in all kinds of environments and with all people. *Id*. at 503-05.

On July 31, 2023, Dante Alexander, Psy.D., consultatively examined S.S.T. *See* T. 508-12. He diagnosed S.S.T. with ADHD, ODD, rule out disruptive mood dysregulation disorder,

and rule out intellectual disability. *Id*. at 511. In a medical source statement, Dr. Alexander opined:

> No evidence of limitation to attend to, follow, and understand age-appropriate directions. Moderate evidence of limitation to sustain concentration and complete age-appropriate tasks. Moderate evidence of limitation to adequately maintain appropriate social behavior. Mild evidence of limitation to respond appropriately to changes in the environment. Moderate evidence of limitation to learn in accordance with cognitive functioning. Mild evidence of limitation to ask [a] question and assist in an age-appropriate manner. No evidence of limitation to be aware of danger or take needed precautions. Mild evidence of limitation to interact adequately with peers. Moderate evidence of limitation to interact adequately with adults.

*Id*. at 511.

The ALJ deemed the consultative examiner's opinion to be "persuasive" because "Dr. Alexander has program knowledge, had an opportunity to examine the claimant and his findings are support [sic] by the significant objective evidence of record[.]" *Id*. at 23. The ALJ deemed S.S.T.'s treating psychiatrist's opinion to be "less persuasive" because it was "unsupported by the objective medical evidence of record, including Dr. Simionescu's own treatment notes, and inconsistent with Dr. Alexander's findings." *Id*. at 24. Making a general citation to the treatment notes, Exhibit 3F, the ALJ stated "Dr. Simionescu's mental status exams were repeatedly benign." *Id*.

### C. Analysis

"At their most basic, the amended regulations require that the ALJ explain [his or] her findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. February 22, 2021). "A conclusory analysis of the [relevant] factors 'precludes the Court from undertaking meaningful

9

review' of the ALJ's decision." *Annjeanette B. v. Kijakazi*, No. 3:22-CV-198 (ATB), 2023 WL 3040663, at *8 (N.D.N.Y. Apr. 21, 2023) (quoting *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 9 (W.D.N.Y. 2022)). "If the ALJ fails adequately to 'explain the supportability or consistency factors,' or bases [the] explanation upon a misreading of the record, remand is required." *Rivera v. Comm'r of the Soc. Sec.*, No. 19-CV-4630, 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020) (quoting *Andrew G. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020)), *report and recommendation adopted*, 2021 WL 134945 (Jan. 14, 2021).

Here, the Court agrees with Plaintiff that the presence of errors in the ALJ's evaluation of Dr. Simionescu's opinion warrants remand. *See* Dkt. No. 11 at 12-18. To begin with, the ALJ summarized each of the medical opinions in detail but provided minimal explanation for finding one opinion more persuasive than another beyond a purported "support[ed]" by or "unsupported" by the "objective medical evidence of record." T. 23-24. It is well-established that an ALJ may not generally assert that an opinion is "consistent with" or "supported by" the record, without further elaboration. *Loni S. v. Comm'r of Soc. Sec.*, No. 3:22-CV-805 (CFH), 2023 WL 4195887, at *15 (N.D.N.Y. June 27, 2023) ("District courts in the Second Circuit have reiterated . . . that an ALJ errs where he or she summarily concludes that an opinion is unsupported by treatment notes or inconsistent with the record.") (citing *Stephanie F. v. Kijakazi*, No. 8:20-CV-1528 (BKS), 2022 WL 3355964, at *10 (N.D.N.Y. Aug. 15, 2022) ("[T]he ALJ's conclusory statement that [the provider's] conclusions 'are not consistent with the overall medical evidence' is not an adequate articulation of the consistency factor.")); *Kathleen A. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-1034 (LEK), 2022 WL 673824, at *6 (N.D.N.Y. Mar. 7, 2022) ("[I]t is not sufficient for an ALJ to merely discuss other medical sources at some point in the decision.").

As noted above, the ALJ's evaluation of Dr. Simionescu's opinion relies on a broad citation to Exhibit 3F, consisting of 86 pages gathered over the course of nearly two years of mental health treatment.  T. 24.  "Such generic references to the treatment record do not satisfy the substantial evidence requirement because it fails to explain what evidence the ALJ actually utilized to reach her decision."  *Jessica L.M. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00403 (GTS/ML), 2025 WL 1994917, at *11 (N.D.N.Y. June 9, 2025) (citing *Rick Paul B. v. Comm'r of Soc. Sec.*, No. 5:23-CV-1261 (MAD/TWD), 2025 WL 347642, at *6 (N.D.N.Y. Jan. 10, 2025) (collecting cases)), *report and recommendation adopted sub nom. Jessica L. M. v. Bisignano*, 2025 WL 1994646 (N.D.N.Y. July 17, 2025).  The ALJ's analysis is inadequate because it frustrates this Court's meaningful review.

Although the Commissioner's brief identifies individual treatment notes that could support the ALJ's decision, *see* Dkt. No. 13 at 8-9, as Plaintiff points out, the Court may not affirm the ALJ's decision solely on those post-hoc rationalizations.  Dkt. No. 14 at 2; *see Dana Marie M. v. Comm'r of Soc. Sec.*, No. 6:21-CV-458 (GLS/CFH), 2022 WL 2314560, at *7 (N.D.N.Y. June 28, 2022) ("The Court cannot accept the Commissioner's post hoc rationalizations for the ALJ's 'unpersuasive' finding related to Dr. Taylor's opinions.") (citations omitted), *report and recommendation adopted*, 2022 WL 22210128 (N.D.N.Y. Sept. 28, 2022); *Tammie S. v. Comm'r of Soc. Sec.*, No. 3:20-CV-1021 (ML), 2022 WL 356754, at *7 (N.D.N.Y. Feb. 7, 2022) ("Post hoc explanations do not constitute substantial evidence."); *see also Gina B. v. Comm'r of Soc. Sec.*, No. 3:23-cv-00769, 2024 WL 4262640, at *7 (D. Conn. Sept. 23, 2024) ("The Commissioner cites to many pages in the medical record, pointing to them as the support for the ALJ's determination.  However, that was the ALJ's task, and counsel for the

11

Commissioner should not be tasked with filling in gaps later in the process." (internal citation omitted)).

Moreover, where the ALJ provided specific examples, his explanation appears to muddle the supportability and consistency factors. *See Kathleen A.*, 2022 WL 673824, at *4-5 ("The supportability analysis focuses on how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations . . . . In the consistency analysis, an ALJ must look outside the medical opinion itself to evidence from other medical sources and nonmedical sources in the claim . . . .") (citing *Carmen M. v. Comm'r of Soc. Sec.*, No. 20-CV-06532-MJR, 2021 WL 5410550, at *4 (W.D.N.Y. Nov. 19, 2021); 20 C.F.R. § 404.1520c(c)). For instance, the ALJ stated:

> Dr. Simionescu assessed marked losses in resolving conflicts between self and family members, peers, and others outside the family as well as ability to describe feelings, seek information, relate events, and tell stories in all kinds of environments and yet *education records* show that the claimant's teachers repeatedly describe him as a pleasure to have in class, and a positive force in the classroom. His final grade in English Language Arts 8 was an 85. His grade in English 9 after the first marking period was 86 (Exhibit C11E, pages 5-6). This does not *support* the marked losses Dr. Simionescu identified.

T. 24 (emphasis added).

Insofar as S.S.T.'s education records could provide insight into the ALJ's consistency analysis, discussed below, in the same marking period S.S.T. achieved an 86 in English 9 and was described as "[a] pleasure to have in class", *id*. at 309, S.S.T. had a 65 in Algebra, a 57 in Living Environment, a 52 in Early World History, and a 50 in Music. *Id*. S.S.T.'s teachers commented "[d]oesn't pay attention in class", "does little or no work", and "rude/disruptive in class". *Id*. Similarly, although S.S.T.'s final grade in English 8 was an 85 and his teacher commented "[a] pleasure to have in class", *id*. at 310, his final grades in Math 8, Science 8, and

12

Social Studies 8 were in the low 70s and his math teacher remarked "[n]eeds to remain focused". *Id.* While "[a]n ALJ is not required to explicitly analyze every piece of conflicting evidence in the record . . . the ALJ cannot 'pick and choose' evidence in the record that supports his conclusions." *Dana F. o/b/o O.E.H. v. Berryhill*, No 6:18-CV-1337 (ATB), 2019 WL 7067060, at *3 (N.D.N.Y. Dec. 23, 2019) (quoting *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004)).

The ALJ's application of the consistency factor to Dr. Simionescu's opinion is also flawed. *See* Dkt. No. 11 at 16-18. Under the consistency factor, a medical opinion or prior administrative medical finding is "more persuasive" if it is consistent "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2); *Galo G. v. Comm'r of the Soc. Sec. Admin*, No. 3:20-CV-1011 (FJS), 2021 WL 5232722, at *4 (N.D.N.Y. Nov. 9, 2021) ("The regulations provide that with respect to consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be.").

As set forth above, the ALJ deemed Dr. Simionescu's opinion "less persuasive" because it was "inconsistent with Dr. Alexander's findings." T. 24. The ALJ provided no further analysis. But "[t]he consistency factor does not measure whether a medical opinion is consistent with a single other medical opinion—it measures whether the medical opinion is consistent with *all* medical and nonmedical evidence in a claim." *Darla W. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1085 (TWD), 2021 WL 5903286, at *9 (N.D.N.Y. Dec. 14, 2021) (citation omitted). As Plaintiff argues, the ALJ erred by not considering or discussing the consistency factor as it pertains to other medical and nonmedical evidence—including Plaintiff's testimony. Dkt. No. 11 at 18; *see also Jennifer G. v. Comm'r of Soc. Sec.*, No. 5:22-CV-00996 (MAD/ML) 2023 WL

13

8435991, at *9 (N.D.N.Y. Sept. 6, 2023) (remanding where the ALJ failed to "meaningfully discuss" the consistency of medical opinions); *Amber H. v. Saul*, No. 3:20-CV-490 (ATB), 2021 WL 2076219, at *8 (N.D.N.Y. May 24, 2021) ("[T]he ALJ's fleeting discussion of Dr. Magurno's opinion falls short of satisfying the articulation requirements contained in the new regulations, especially considering the ALJ's failure to discuss the extent to which Dr. Magurno's opinion was consistent with the other evidence of record, medical or otherwise[.]").

In short, without adequate discussion of the supportability and consistency factors as to Dr. Simionescu's opinion, "the Court is left to guess at the ALJ's reasoning, which frustrates meaningful review." *Nicole L. v. Kijakazi*, No. 6:20-CV-01576 (NAM), 2022 WL 160274, at *8 (N.D.N.Y. Jan. 18, 2022); *see Annjeanette B.*, 2023 WL 3040663, at *9 ("The ALJ's failure to explain how he considered the supportability and consistency of these medical opinions was procedural error[, which was not] harmless [because] the court cannot adequately glean how the ALJ weighed the consistency and supportability factors for [the] opinions.") (internal quotation marks and citations omitted).

Plaintiff argues "[t]he way in which the ALJ improperly assessed Dr. Simionescu's opinion was not without harm." Dkt. No. 11 at 18. The Court agrees. If the ALJ were to adopt Dr. Simionescu's marked limitations in at least two of the following functional domains—acquiring and using information, attending and completing task, or interacting with others—S.S.T.'s impairment or combination of impairments would functionally equal the severity of a listing impairment. *See* C.F.R. § 416.926a(a); *see Brian C. v. Comm'r of Soc. Sec.*, No. 3:22-CV-01292 (LEK/TWD), 2024 WL 1468869, at *8 (N.D.N.Y. Feb. 20, 2024) ("Because there is, at least, a reasonable likelihood that a different result could have been reached if the ALJ had properly evaluated PA Gdovin's opinions pursuant to the new regulations, remand is

appropriate."), *report and recommendation adopted*, 2024 WL 1069877 (N.D.N.Y. Mar. 12, 2024).

Therefore, remand is recommended to allow the ALJ to explain the supportability and consistency factors with regard to the medial opinion evidence, and to further develop the record as appropriate. *Rivera*, 2020 WL 8167136, at *14.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's motion be (Dkt. No. 11) be **GRANTED**; Defendant's motion be (Dkt. No. 13) be **DENIED**; and the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 11, 2025
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge