UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**KALIEGH O. o/b/o S.S.T.,**

                                    **Plaintiff,**

    vs.                                                    5:24-cv-00662
                                                               (MAD/TWD)

**COMMISSIONER OF SOCIAL SECURITY,**

                                    **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OLINSKY LAW GROUP**<br>250 South Clinton Street, Suite 210<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Program Litigation, Office 2<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorneys for Defendant | **KRISTINA COHN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Kaliegh O., commenced this action on May 15, 2024, pursuant to 42 U.S.C. § 405(g) on behalf of her minor child, S.S.T. *See* Dkt. No. 1. Plaintiff seeks review of a decision by the Commissioner of Social Security ("the Commissioner"), which denied her application for supplemental security income benefits based on S.S.T.'s supposed lack of disability. *See id.* Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure 12(c), on the issue of whether the Administrative Law Judge ("ALJ") properly evaluated the opinion of S.S.T.'s treating physician as to the child's alleged disability. *See* Dkt. Nos. 11, 13. In a Report-

Recommendation and Order dated August 11, 2025, Magistrate Judge Thérèse Wiley Dancks recommended that (1) Plaintiff's motion be granted; (2) Defendant's motion be denied; and (3) the Commissioner's decision be remanded for further administrative proceedings. Dkt. No. 15. Specifically, Magistrate Judge Dancks found that aside from making generic citations to the record, the ALJ failed to adequately explain why S.S.T.'s physician's testimony was unpersuasive. *See id.* at 10. Likewise, because a reviewing court must evaluate the ALJ's decision based on a "substantial evidence" standard, *see* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019), Magistrate Judge Dancks determined that the ALJ's conclusory analysis "frustrates this Court's meaningful review," *see* Dkt. No. 15 at 11. Neither party filed objections to the Report-Recommendation and Order.

      When a party declines to file objections to a magistrate judge's report-recommendation, the court reviews the recommendations for clear error. *See Coleman v. Hanuszczak*, No. 5:16-CV-735, 2016 WL 4523918, *1 (N.D.N.Y. Aug. 22, 2016); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Petersen*, 2 F. Supp. 3d at 229. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

      Having reviewed the Report-Recommendation and Order, the Court finds no clear error in Magistrate Judge Dancks's determination that the Court should remand the proceedings for further administrative review. As the Report-Recommendation and Order explains, ALJs assessing

claims filed after March 27, 2017, must use a five-factor analysis[1] to determine the persuasiveness of medical evidence. *See* 20 C.F.R. § 416.920c(a). The two most important factors, and the ones at issue here, are supportability and consistency. *See Jennifer A. v. Comm'r of Soc. Sec.*, No. 1:22-CV-1167, 2023 WL 8654215, *4 (N.D.N.Y. Dec. 13, 2023). The supportability factor examines the "objective medical evidence *and supporting explanations*" offered in conjunction with the medical opinion. *See id.* (emphasis added) (quoting 20 C.F.R. § 416.920c(c)(1)). Relatedly, the consistency factor examines the medical opinion's consistency with "evidence from other medical sources and nonmedical sources in the claim . . . ." *See id.* (quoting 20 C.F.R. § 416.920c(c)(2)).

As Magistrate Judge Dancks correctly stated, an ALJ must explain his or her consideration of the supportability and consistency factors when assessing the persuasive value of a medical opinion. *See* Dkt. No. 15 at 7 (citing 20 C.F.R. § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.")); *see also Jessica L.M. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00403, 2025 WL 1994917, *11 (N.D.N.Y. June 9, 2025), *report-recommendation adopted*, *Jessica L.M. v. Bisignano*, No. 5:24-CV-403, 2025 WL 1994646 (N.D.N.Y. July 17, 2025). Remand is necessary when an ALJ fails to provide such explanation. *See Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, *2 (2d Cir. June 17, 2022) (remanding due to procedural error for failure to "address the opinion's supportability or explain how the opinion was consistent with the record, except to conclude that it was").

---

[1] The five factors are "supportability," "consistency," "relationship with the claimant," "specialization," and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 416.920c(c)(1)-(5).

Here, Plaintiff argues that the ALJ erred by determining that the opinion of S.S.T.'s treating psychiatrist, Dr. Mihal Simionescu, was "less persuasive" than that of Dr. Dante Alexander, a consultant psychologist who also examined S.S.T. *See* Dkt. No. 11 at 12-13; Dkt. No. 8 at 27-28. With respect to supportability, the ALJ reasoned that Dr. Alexander's opinion regarding S.S.T.'s claimed disability was persuasive because Dr. Alexander had "program knowledge, . . . an opportunity to examine the claimant[,] and his findings are support[ed] by the significant objective evidence of record . . . ." Dkt. No. 8 at 27. Conversely, the ALJ said Dr. Simionescu's opinion was "less persuasive because it is unsupported by the objective medical evidence of record, including Dr. Simionescu's own treatment notes, and inconsistent with Dr. Alexander's findings." *Id.* at 28.

Although the ALJ summarized each opinion, he failed to adequately elaborate on why one opinion would be more persuasive than the other. Ultimately, as Magistrate Judge Dancks noted, the ALJ's assessment of Dr. Simionescu's opinion "relies on a broad citation" to various items in the record. *See* Dkt. No. 15 at 11 (citing Dkt. No. 8 at 28). These items include Dr. Simionescu's treatment notes, Dkt. No. 8 at 433-501, and a select few of S.S.T.'s grades, *id.* at 313-16. However, "[i]t is well-established that an ALJ may not generally assert that an opinion is 'consistent with' or 'supported by' the record, without further elaboration." *Jessica L.M.*, WL 1994917, at *11. Furthermore, as Magistrate Judge Dancks mentioned, "post-hoc rationalizations" are insufficient. *See* Dkt. No. 15 at 11; *Jessica L.M.*, 2025 WL 1994917, at *11. Thus, the Commissioner's proffered explanations contained in the Defendant's motion cannot, on their own, remedy this error. *See* Dkt. No. 13 at 8-12.

Magistrate Judge Dancks also properly identified problems with the ALJ's application of the consistency factor. Namely, the ALJ determined that Dr. Simionescu's opinion was "less

4

persuasive" than Dr. Alexander's because the opinions were inconsistent *with one another*. *See* Dkt. No. 8 at 28.  However, as noted in the Report-Recommendation and Order, "[t]he consistency factor does not measure whether a medical opinion is consistent with another medical opinion—it measures whether the medical opinion is consistent with *all* medical and nonmedical evidence within a claim."  *Darla W. v. Comm'r of Soc. Sec.*, No. 5:20-cv-1085, 2021 WL 5903286, *9 (N.D.N.Y. Dec. 14, 2021).  Accordingly, with regard to this factor, the ALJ should also have considered the consistency of Dr. Simionescu's opinion with other evidence in the record, both medical and nonmedical.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion (Dkt. No. 11) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion (Dkt. No. 13) is **DENIED**; and the Court further

**ORDERS** that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** of 42 U.S.C. § 405(g) for further proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge